The Honorable Thomas G. Baker State Representative 124 Lawrence Road 532 Alicia, AR 72410-9066
Dear Representative Baker:
This is in response to your request for an opinion as to whether a former city council member of a first class city may be employed by that city as a police officer after the expiration of his term of office as a member of the city council.
This question requires reference to A.C.A. § 14-42-107, wherein it states:
 No alderman or member of any council of a municipal corporation shall, during the term for which he shall have been elected or one (1) year thereafter, be appointed to any municipal office which was created or the emoluments of which shall have been increased during the time for which he shall have been elected.
A.C.A. § 14-42-107(a)(1) (1987).
It was concluded in Attorney General Opinion 91-415 (copy enclosed) that a sitting council member is prohibited under § 14-47-107(a)(2) from accepting a position as a police officer.[1] This conclusion followed this office's previous determination that the position of city police officer is an "office." See Op. Att'y Gen. 91-415 at 1, citing Op. Att'y Gen. 91-314. See also Op. Att'y Gen. 96-327.
Thus, with regard to your specific question, it is my opinion that the answer will depend upon whether this service as a police officer occurs within one year after his or her term on the city council, and whether the police officer position was created or the emoluments[2] of that position increased during the term on the council. If both elements are present (i.e., appointment within one (1) year and office created or emoluments increased during term), then it is my opinion that the former city council member cannot be employed in that police officer position. The former council member will, in that instance, be ineligible for the police officer position for the one (1) year period following his or her term on the council. If, on the other hand, the office was not created during his or her term on the council and the emoluments were not increased, or service as a police officer occurs more than one (1) year after the term on the council, then the former council member will be eligible for the police officer position.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Section 14-42-107(a)(2) states that "[n]o alderman or council member shall be appointed to any municipal office, except in cases provided for in this subtitle, during the time for which he may have been elected."
[2] "Emolument" is defined in Black's Law Dictionary 470 (5th ed. 1979) as "[t]he profit arising from office or employment; that which is received as a compensation for services, or which is annexed to the possession of office as salary, fees, and perquisites. Any perquisite, advantage, profit, or gain arising from the possession of an office." (Citations omitted.)